## BURGESS *v.* CHAPMAN et al.

(*Circuit Court, D. Massachusetts.* December 13, 1890.)

PATENTS FOR INVENTIONS—ILLUSORY STAGE EFFECTS—NOVELTY.

 Claims 1 and 2 of letters patent No. 286,709, granted to J. W. Knell, October 16, 1883, for improvements in illusory dramatic effects, for a combination whereby all the incidents of a horse-race may be simulated, are not void for want of novelty, though most of the elements are old, as in no prior device are the elements so combined as to produce the same effect.

In Equity.

*Frederick P. Fish* and *Simonds & Burdett*, for complainant.
*James H. Lange*, for defendants.

COLT, J. This is a motion for a preliminary injunction. The bill sets out two patents granted to J. W. Knell, (who is the same person as the complainant,) for improvements in illusory dramatic effects. The first patent, No. 256,007, dated April 4, 1882, has for its object the production on the theatrical stage of the appearance of a person, animal, or vehicle traveling along a road of considerable length. The second patent, No. 286,709, dated October 16, 1883, consists of an appa-

ratus to determine the position, upon the endless path or road shown in the first patent, of a horse or other moving animal. By means of the devices described in the second patent, as the specification states, "all the incidents of a horse-race may be simulated, the horses alternately gaining and losing ground." This result is accomplished by means of an endless belt or path made sufficiently strong to bear the weight that is put upon it, hung in a suitable frame, and secured below the level of the stage floor; a windlass, mounted upon a suitable stand adapted to be firmly fixed in a position in line with the endless path; a rope or wire, secured at one end to the saddle girth or moving object, and, at the other end, wound about the windlass, and a brake or lever secured to the stage floor, so as to control the revolutions of the rolls upon which the endless path travels. The claims relied upon on this motion are as follows:

(1) In a stage apparatus of the within-described class, the combination of the endless path, $a$, the windlass, $b$, the saddle or saddle-girth, $d$, or other harness part adapted to be secured to a horse or other moving object placed upon the path, and the wire, $e$, connecting said windlass and harness, and constructed to be extended and retracted, all substantially as described. (2) In a stage apparatus, the combination of the moving panoramic scene, $h$, with the endless path, $a$, the windlass, $b$, the saddle-girth, $d$, or other harness part, and the wire, $e$, all substantially as described.

The substantial defense in this case is the want of patentable novelty in the Burgess device in view of the prior state of the art. The affidavits upon this point are voluminous, but they range themselves under three heads: (1) The apparatus produced at Neitsch's Theater, Galveston, Tex., about 1860, in a play called "The Frontier." (2) The apparatus produced at the Walnut Street Theater, Philadelphia, in a play called the "Gross of Lead," in June, 1878. (3) The apparatus produced at the Globe Theater, Boston, in a play called "Si Slocum," in September, 1877. Without entering into a detailed discussion of these prior stage devices, this can be said, that no one before the complainant ever constructed an apparatus to produce the effect of a horse-race upon the stage. While it must be admitted that most of the elements that enter into the Burgess combination are old, still I do not find in any prior device the windlass, wire, saddle-girth, and tread-mill, so combined as to produce the effect described. Upon a careful review of the whole evidence, I shall sustain the first and second claims of patent No. 286,709, and grant the motion for an injunction. Motion granted.